IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10043
Conference Calendar
_____

DARNELL SLAUGHTER,

Plaintiff-Appellant,

versus

NFN YEAGOR, Sergeant; NFN Stevens, Lieutenant;
NFN HALL, Lieutenant; NFN YARBOROUGH, Captain;
NFN THOMAS, Major,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-259
--------------------
August 24, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Darnell Slaughter, Texas prisoner No. 820164, appeals from the district court's dismissal with prejudice of his civil rights complaint for failure to comply with the court's order to pay an initial partial filing fee pursuant to the Prison Litigation Reform Act of 1995 (PLRA). We do not address whether the district court should have considered the possibility of a lesser sanction, see McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), because our review of the record, including Slaughter's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint and his appellate brief, shows that Slaughter has failed to allege a constitutional violation.  Verbal abuse and threats by prison guards do not violate the Constitution.  Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993); Lynch v. Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987).  To the extent that Slaughter seeks relief for an allegedly wrongful disciplinary conviction, his claims are not cognizable under § 1983 because he has not alleged that the disciplinary conviction has been reversed, expunged, or otherwise declared invalid.  Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc), cert. denied, 525 U.S. 1151 (1999).

AFFIRMED.